(117 App. Dlv. 34)

## EMPIRE TRUST CO. v. MAGEE.

(Supreme Court, Appellate Division, First Department.   January 11, 1907.)

1. JUDGMENT—BAR—PARTIES BARRED.
    An action by a bank on a promissory note indorsed and delivered to it by defendant for value, was not barred by a recovery, in a pending action between the bank's president and defendant, for the amount of the consideration of the note, to which action the bank was not a party, even though it was the agent of its president and advanced the money paid as a consideration for the note at his request.

2. BILLS AND NOTES—ACTION—DEFENSES.
    A bank holding a promissory note was not precluded from recovery thereon by failure of consideration, resulting from the noncompletion of certain building plans and agreements, to which defendant and the president of the bank were parties, though the advancement of money by the bank on the note was made at the request and for the account of its president, where the note was made by defendant for value and delivered for value to the bank.

3. PLEADING—ANSWER—SEPARATE DEFENSES—SUFFICIENCY.
    An answer setting up two separate defenses to the allegations of the complaint, was demurrable, where neither defense standing alone was sufficient on its face without reference to other parts of the answer.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 193.]

Appeal from Special Term.

Action by the Empire Trust Company against Franklin R. Magee. From a judgment overruling plaintiff's demurrer to defendant's answer, plaintiff appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert L. Wensley, for appellant.
George D. Beattys, for respondent.

INGRAHAM, J.   The action was upon a promissory note.   The second clause of the complaint alleges that:

"On or about the 18th day of September, 1905, defendant made his certain promissory note in writing, dated on that day, whereby, for value received, he promised to pay to the order of himself, one month after said date, the sum of $700 at Empire Trust Company, New York City, with interest at 6 per cent. per annum; and said defendant on or about said date, duly indorsed the said note and for value delivered the same to the plaintiff, who is now the owner and holder thereof."

The answer denies that:

"The allegations contained in paragraph 'second' of said complaint, which allege that defendant made his certain promissory note for value received and denies that for value he delivered the same to plaintiff."

The other allegations of the complaint being admitted, it follows that the defendant does not deny that he made the promissory note and delivered the same to the plaintiff; the denial only being that he made the note for value and for value delivered the same to the plaintiff.

The first defense alleged is that at the commencement of this action there was pending an action in the Supreme Court between parties, who, though nominally different, are in reality the same as in this action, and for the same cause as that set forth in the complaint herein, namely, to recover the sum of $700, alleged to have been advanced to defendant by Le Roy W. Baldwin, which sum is the alleged consideration for the note set forth in the complaint herein; that in reference to said alleged claim of $700 for which said note was given, the plaintiff herein represents and is the agent of said Le Roy W. Baldwin; that plaintiff herein had notice and knowledge of all the facts in reference thereto, and if it advanced any money on said note, it did so at the request and for the account of said Le Roy W. Baldwin, its president. The second defense alleged that the Brunswick Construction Company and Le Roy W. Baldwin, president of the plaintiff herein, and certain other interested parties, entered into an operation, the avowed purpose of which was to build a hotel and to pay for the same by the issue of certain bonds; that said persons agreed to underwrite a certain portion of said bonds, and in furtherance of their purpose, obtained a loan of certain moneys, out of which was paid to said persons certain sums of money as a bonus or compensation for underwriting said bonds; that through the negotiation of some outside party as broker, said Le Roy W. Baldwin, president of the plaintiff herein, and said defendant, entered into an agreement dated September 3, 1903, by the terms of which said defendant agreed to save, indemnify, and hold the said Le Roy W. Baldwin, president of plaintiff herein, harmless, under and by virtue of and as a party to said underwritten agreement, to the extent of $20,000 of the bonds of the said Brunswick Construction Company; that the said plans and purposes of the said persons failed and said hotel was not constructed, and that the terms and conditions of the alleged agreements entered into in connection with the said undertaking have not been carried out or complied with, and that the said Baldwin, president of the plaintiff herein, was not really and actually compelled to pay out and advance on his own account any cash or moneys and has not really suffered any damage, nor has plaintiff on his own behalf; that no bonds have been issued in accordance with the purposes above set forth and that the whole negotiations and everything connected therewith are entirely within the control of said Le Roy W. Baldwin, president of the plaintiff herein, and his intimate associates, in such a way that said plaintiff has suffered no damage whatever; that by reason of the facts set forth the consideration of said note utterly failed, of all of which facts the plaintiff herein and said Le Roy W. Baldwin were cognizant; that the plaintiff herein had knowledge and notice of all said facts, and if it advanced any money on said note, it did so simply at the request and for the account of Le Roy W. Baldwin, its president. To these two separate defenses plaintiff interposed demurrers, which were sustained.

I do not think that the first defense is sufficient. The action is on a promissory note made by the defendant to his own order, and indorsed and delivered by him to the plaintiff for value. This separate defense does not deny any of these allegations. It is alleged that Baldwin had brought a suit to recover the sum of $700, alleged to have been advanced to defendant by Baldwin, which sum is the alleged consideration for the note, but the defense not having denied that the note was delivered to the plaintiff for value, a recovery in Baldwin's action, to which the plaintiff is not a party, could not be a bar to an action on the note. The fact that the plaintiff is the agent of Baldwin, and advanced the money paid as the consideration for the note at the request of Baldwin, does not affect the liabilty of the defendant on the note. Nor do I think that the facts alleged in the second defense are sufficient. This defense fails to deny the allegations of the complaint that the note was made by the defendant for value, and delivered to the plaintiff for value. It alleges certain facts, and that, by reason of such facts, the consideration of such note utterly failed. But these facts had nothing to do with the plaintiff, and do not either expressly or by implication deny that the defendant delivered the note to the plaintiff for value, and that the plaintiff is now the holder and owner of it. Whether Baldwin, president of the plaintiff, or the other persons not named who entered into the arrangement to build the hotel, were compelled to advance any moneys or suffered any injury in consequence of the failure of the parties interested to construct the hotel is entirely immaterial, and does not tend in any way to controvert the allegations of the complaint, that the defendant delivered the note to the plaintiff for value.

Nor is it a defense to an action on the note that if the plaintiff advanced any money on said note, it did so at the request, and for the account of said Baldwin, its president. The defendant having executed and delivered the note to the plaintiff, the sole question is whether or not there was any consideration as between the plaintiff and the defendant. All the allegations of fact as to the relation of the defendant and others with a corporation organized to construct the hotel and the agreement between these third parties in relation thereto, are entirely immaterial. The sole defense attempted to be set up here is the failure of consideration, and none of the facts alleged tend to show that, as between the plaintiff and the maker of the note, there was no consideration. The rule is now settled that each separate defense must be construed as a whole, and that the allegations of the complaint not denied in such separate defense are, for the purpose of the sufficiency of such defense, to be treated as admitted. Douglass v. The Phœnix Ins. Company, 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep., 448. And as neither of these defenses are sufficient upon their face without reference to other parts of the answer, the demurrer should have been sustained. It follows that the judgment should be reversed, with costs and the demurrer sustained, with costs, with leave to the defendant to amend the answer within 20 days on payment of costs in this court and in the court below. All concur.