## MENDELSON v. MARGULIES et al.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

1. PLEADING (§ 362*)—DEFENSES—DENIAL—STRIKING OUT.

A plaintiff is entitled to have stricken from a defense denials of the allegations of the complaint which are unnecessarily interposed, in order that he may test the sufficiency of the new matter by demurrer, but not where such denials are essential to render the separate defenses available.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§ 362*)—DEFENSES—DENIAL—STRIKING OUT.

In an action for damages for a breach by defendant's testator of an agreement to sell and deliver a manufacturing plant, defendants alleged as a defense, first, that their testator was the principal stockholder in the corporation owning such plant, that after the contract was made bankruptcy proceedings were instituted against the corporation, and a receiver appointed preventing performance of the contract by operation of law, as a second defense, that plaintiff instigated such bankruptcy proceedings, and that performance was therefore rendered impossible by his acts and conduct, and, as a third defense, that they duly notified plaintiff of the death of their testator and the bankruptcy proceedings, and offered to perform as soon as the corporation should be reinvested with title to the property, but that plaintiff refused to accept such performance, that after the corporation was reinvested with the title to this property they tendered performance which plaintiff refused, and that the company subsequently sold the plant to a broker who purchased it on behalf of plaintiff.  Held, that these defenses were inconsistent with the allegations of the complaint, and could not be proved if the complaint stood admitted, since while they were predicated upon the existence of the contract alleged in the complaint they proceeded on the theory that there was no breach thereof, and hence denials of the allegations of the complaint were properly made a part of such defenses, and would not be stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

3. PLEADING (§ 131*)—DEFENSES—SUFFICIENCY OF SEPARATE DEFENSES.

An affirmative defense is regarded as a separate plea, and in determining its sufficiency the allegations of the complaint not denied therein, even though denied elsewhere in the answer, are deemed admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 277, 278; Dec. Dig. § 131.*]

4. PLEADING (§ 367*)—MOTIONS TO MAKE DEFINITE AND CERTAIN.

In an action for breach of an agreement to sell and deliver a manufacturing plant, defendants pleaded that the plant was owned by a corporation of which their testator, who executed the agreement, was the principal stockholder and an officer, and against which subsequent to the agreement bankruptcy proceedings were instituted, making performance impossible, and that after the corporation was reinvested with its property performance was tendered, and upon a refusal thereof the property sold to a broker acting for plaintiff.  They also alleged that their testator was authorized to execute the agreement by the corporation, or that it ratified the contract, but not that he was acting as agent for it in making the contract.  Held, that the only materiality of the allegations as to the testator's authority was to show that defendants could have performed but for the bankruptcy proceedings, and perhaps to show that plaintiff knew that the testator had not acquired title at the time the contract was made and might be unable to obtain title, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

hence plaintiff was not entitled to have them made more definite and certain.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, New York County.

Action by Jacob Mendelson against Bernard Margulies and others, as executors of Nathan Siff, deceased. From an order striking out parts of the answer as irrelevant and redundant, and requiring defendants to make other parts more definite and certain, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harry A. Gordon, of New York City (Moses Esberg, of New York City, on the brief), for appellants.

Samuel Mendelson, of New York City, for respondent.

LAUGHLIN, J. This action is brought to recover of the executors of the last will and testament of Nathan Siff, deceased, the sum of $10,000 on account of the breach of a contract alleged to have been made between the decedent and the plaintiff on the 15th day of August, 1912, for the sale and delivery by the decedent to the plaintiff of the plant of the United Silk Manufacturing Company at Paterson, N. J., and for an assignment of the lease of the premises upon which the plant was erected.

The complaint contains two counts. In the first count the plaintiff alleges that at or about the time the agreement was made he paid the consideration, which was $5,000, and that the plant and assignment of the lease were to be delivered to him on the 1st day of October, 1912, but that before that date, and on the 9th day of September, 1912, the decedent died; that it was further provided in the contract that, if the decedent should "for any reason whatsoever" be unable to deliver the plant and lease as therein provided, he should return to the plaintiff the consideration paid and the sum of $5,000 in addition thereto as liquidated damages; that plaintiff has duly demanded that the defendants perform the contract, but they have neglected and refused so to do, and he charges that thereby they became liable to him in the sum of $10,000. The second count realleges by reference the payment of the $5,000 by the plaintiff, that being the agreed purchase price of the property, and realleges the agreement to repay the consideration if for any reason the decedent should be unable to perform; but, instead of alleging liquidated damages, it is therein alleged that plaintiff relying upon this contract retired from his former business with a view to engaging in the silk manufacturing business at this plant on the 1st of October, 1912, and that no other like plant was purchasable in the open market at or about that time and that decedent was well aware of these facts, and claims liability for the same amount in the second count as in the first and demands judgment for $10,000.

By the answer the material allegation of both counts of the com-

plaint with respect to the contract alleged to have been made between the plaintiff and the decedent and the terms and violation thereof are put in issue. Following these denials in the answer, the defendants have pleaded three separate defenses, in form as complete defenses; and each contains a denial by reference of the allegations of the complaint thereinbefore denied. These denials in the separate defenses of the allegations in the complaint constitute the matter which has been stricken out.

[1] The question as to whether the plaintiff was entitled to have these allegations stricken out depends upon whether or not they were unnecessarily interposed, and he is aggrieved owing to the fact that he is prevented thereby from testing the sufficiency of the new matter by demurrer (Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244); or whether they were essential to render the separate defenses available (Empire Trust Co. v. Magee, 117 App. Div. 34, 102 N. Y. Supp. 9; Outcault v. Bonheur, 120 App. Div. 170, 104 N. Y. Supp. 1099; Haffen v. Tribune Association, 126 App. Div. 675, 111 N. Y. Supp. 225; Oishei v. N. Y. Taxicab Co., 136 App. Div. 683, 121 N. Y. Supp. 472).

[2] The substance of the first defense, so far as material to the question presented for decision, is that the decedent was the principal stockholder and a director and treasurer of said United Silk Manufacturing Company; that on the 10th day of December, 1912, an involuntary petition in bankruptcy was filed against it in the office of the clerk of the District Court of the United States for the Southern District of New York, and a receiver of its assets was duly appointed, and he qualified and became vested with the title and took possession of all of the assets of the company within said district on the 11th day of the same month, and two days thereafter he was duly appointed ancillary receiver by the United States District Court for the District of New Jersey, and he duly qualified the next day, and thereupon became vested with, and took possession of, all the assets of the company within the district of New Jersey, including the said plant and lease, and that in consequence thereof performance by the defendants of the contract of their testator was rendered impossible by operation of law.

The allegations of the second defense, material to the present inquiry, are the same as those contained in the first defense, with the exception that, instead of alleging that performance by the defendants was prevented by operation of law, they therein allege that the proceedings in bankruptcy against the United Silk Manufacturing Company were instigated by the plaintiff, and that performance by the defendants was therefore rendered impossible by his acts and conduct.

In the third defense the preceding allegations of the answer are incorporated by reference, and defendants further allege that in advance of the time for performance of the contract they duly notified the plaintiff of the death of their testator and concerning said bankruptcy proceedings, and that they would perform any contract between him and their testator as soon as the United Silk Manufacturing Company should be reinvested with title to its former assets, and,

in effect, requested that the time of performance be extended accordingly, but that plaintiff refused to grant such extension, and notified the defendants that, if they failed to perform at the time specified in the contract, he would refuse to accept performance at any time thereafter; that, if the agreement set forth in the complaint was made between the plaintiff and the decedent, the United Silk Manufacturing Company duly authorized him to enter into it or duly ratified or confirmed the contract; that on or about the 19th of December, 1912, an order was duly made in said bankruptcy proceedings by one of the judges of the District Court of the United States for the Southern District of New York dismissing the proceeding, and authorizing the receiver to reinvest the United Silk Manufacturing Company with the title to all of its assets and effects, and that on the 15th day of January thereafter the appointment of the ancillary receiver was duly vacated, and he was likewise directed to reinvest the company with title to all of its assets and effects which passed to him as ancillary receiver; that thereupon the defendants were ready, willing, and able to perform the contract alleged in the complaint and offered so to do, but the plaintiff refused to permit the defendants or the United Silk Manufacturing Company to perform the same, and that thereafter the company sold and transferred the machinery and effects and lease "to one Isaac Mendelson, a broker of the plaintiff herein, for a sum less than the price to be paid therefor under the terms of the alleged contract referred to in the complaint"; that such purchase was instigated by the plaintiff, and was for his benefit, and that of said Mendelson, with whom he was associated in business.

[3] An affirmative defense is regarded as a separate plea, and in determining its sufficiency all of the allegations of the complaint not denied in the separate defense, even though elsewhere denied by the answer, are deemed admitted. Douglass v. Phœnix Insurance Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531; Empire Trust Co. v. Magee, supra; Fleischmann v. Stern, 90 N. Y. 110. These defenses do not fall within the category of defenses by way of confession and avoidance. A denial of the execution of the contract was not essential to these defenses, and it may fairly be said that they are predicated upon the existence of the contract; but the plaintiff's cause of action is for a breach of the contract, and each of these defenses is pleaded upon the theory that there has been no breach of the contract on the part of the decedent or of the defendants. Each defense is interposed upon the theory that the plaintiff did not duly tender performance, and that the defendants did not fail or refuse to perform, for the reason that as pleaded in the first defense performance was prevented by operation of law, and in the second because the plaintiff himself prevented performance, and in the third for the reason that defendants duly tendered performance, and plaintiff refused to accept performance, and was guilty of acts which relieved defendants from liability to perform. These facts are inconsistent with the allegations of the complaint, and therefore could not be proved if the allegations stand admitted, as they do so far as these separate defens-

es are concerned if not therein denied.   Fleischmann v. Stern, supra; Empire Trust Co. v. Magee, supra.

[4] The allegations which the defendants have been required to make more definite and certain are to the effect that, if the decedent executed the agreement, he was authorized so to do by the United Silk Manufacturing Company or it duly ratified and confirmed the contract.   The application to have those allegations made more definite and certain was clearly frivolous, and entitled to but scant consideration.   It is quite immaterial to the plaintiff whether the decedent was authorized to make the contract when he signed it, or whether the company subsequently ratified his act.   The only materiality of these allegations is to show that defendants could have performed but for the bankruptcy proceedings and perhaps to show that the plaintiff knew that the decedent had not acquired title at the time the contract was made and might be unable to obtain title, which, however, is not alleged.   The complaint does not show whether or not the contract was in writing; but it is alleged in the complaint that the decedent. made the contract, and it is not alleged in these separate defenses that in making it he was acting as agent for the United Silk Manufacturing Company; and therefore there is no necessity that the allegations be made more definite and certain, on the theory of requiring him to state whether he made the contract as principal or as agent.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.

---

### In re LEVENGSTON'S WILL.

(Supreme Court, Appellate Division, Third Department.   July 8, 1913.)

1. WILLS (§ 133*)—PROBATE—SUFFICIENCY OF EVIDENCE—EXECUTION OF HOLOGRAPHIC WILL.

   A will written by testator at his club on a sheet of its letter paper, dated and signed by him, and shown to attesting witnesses as his will, was executed as required by law.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 342–344; Dec. Dig. § 133.*]

2. WILLS (§ 133*)—PROBATE—SUFFICIENCY OF EVIDENCE—ATTESTATION OF HOLOGRAPHIC WILL.

   In respect to holographic wills, the rule as to the method of publication is not so severe as where the will is drawn by a scrivener; and where testator wrote his own will, and at different times on the same day showed it to attesting witnesses, who separately signed in his presence, but not in presence of each other, there was a legal attestation.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 342–344; Dec. Dig. § 133.*]

3. WILLS (§ 55*)—MENTAL CAPACITY—SUFFICIENCY OF EVIDENCE.

   Evidence at the hearing upon the probate of a holographic will *held* to show that at the time the testator executed the will he was of sufficiently sane mind to make it.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161; Dec. Dig. § 55.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes