(91 Misc. Rep. 98)

## CLARKIN v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County.   June, 1915.)

1. PLEADING ☞129—ANSWER—DENIALS.
  A defense setting up new matter is one in bar, and in determining its sufficiency all allegations of the complaint not denied therein are regarded as admitted, though elsewhere denied.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275;  Dec. Dig. ☞129.]

2. PLEADING ☞364—ANSWER—SEPARATE DEFENSES.
  In pleading separate defenses, all inconsistent allegations of the complaint should be denied; but other denials are irrelevant and redundant, and will be stricken.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162;  Dec. Dig. ☞364.]

3. PLEADING ☞194—DEMURRER—RIGHT TO DEMUR.
  A plaintiff cannot demur to a defense containing denials.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444, 445, 446, 449–452;  Dec. Dig. ☞194.]

4. PLEADING ☞362—SEPARATE DEFENSES—DENIALS.
  As the improper insertion of denials in a separate defense precludes plaintiff from demurring, they will be stricken.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155;  Dec. Dig. ☞362.]

5. MUNICIPAL CORPORATIONS ☞220—INSPECTOR—ACTION FOR SERVICES—SPECIAL ANSWER—SUFFICIENCY.
  In an action against a city for salary claimed as an inspector, separate defenses setting up waiver and estoppel, that the municipal civil service commission failed to certify any pay roll crediting plaintiff with pay at the rate claimed, that plaintiff failed to proceed by mandamus, that there was an accord and satisfaction, and that the claim was barred by limitations, are complete in themselves, without the aid of any denials.
  [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608;  Dec. Dig. ☞220.]

6. MUNICIPAL CORPORATIONS ☞220—INSPECTOR—ACTION FOR SALARY—SEPARATE DEFENSES—DENIAL.
  In an action for salary claimed as a city inspector, where the complaint averred an appropriation of sufficient funds to pay the claim, a separate defense, setting up that payment of the claim would exceed the appropriations, is inconsistent with the complaint, which may be denied.
  [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608;  Dec. Dig. ☞220.]

7. PLEADING ☞409—MOTIONS—EFFECT.
  By not moving to strike a repetitious clause from separate defenses, plaintiff admits that such defenses would be insufficient, without appropriate denials.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386;  Dec. Dig. ☞409.]

Action by Nicholas T. Clarkin against the City of New York. Application to strike out as irrelevant and redundant a paragraph of the answer.  Application in part granted.

Gustav Gunkel, of New York City, for plaintiff.

Frank L. Polk, Corp. Counsel, of New York City (Edward S. Malone, of New York City, of counsel), for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CLARK, J. Application, under section 545 of the Code of Civil Procedure, to strike out as irrelevant and redundant a certain identical paragraph (occurring in each of six separate defenses) repeating paragraphs I, II, III, and IV of the answer.

The complaint contains eight paragraphs, setting up (1) the incorporation of the defendant; (2) the passing by the plaintiff of a civil service examination; (3) his appointment as inspector of lamps and gas; (4) the classification of that position by the civil service commission without limitation of salary; (5) the fixing, thereafter, of plaintiff's salary at $2,250 per annum; (6) the appropriation by the board of estimate and apportionment of sufficient funds therefor; (7) the payment to plaintiff of his salary at certain rates under $2,250 per annum; and (8) the due presentation and refusal of plaintiff's claim.

The answer contains four paragraphs of denial, putting in issue all but paragraphs I and II of the complaint, and also sets up eight separate defenses, namely: (1) Payment; (2) waiver and estoppel; (3) denial that plaintiff's salary was ever fixed at a rate exceeding $1,800; (4) that plaintiff's claim, in excess of the amount paid to him, would exceed appropriations; (5) failure of the municipal civil service commission to certify any pay roll crediting the plaintiff with pay at the rate of $2,250; (6) failure of the plaintiff to proceed by mandamus; (7) accord and satisfaction; and (8) the statute of limitations.

[1-4] There can be no substantial difference of opinion concerning the rules under which this application should be decided. A defense sets up new matter as a plea in bar. In determining the sufficiency of a defense, all allegations of the complaint not denied in such defense, even though denied elsewhere in the answer, are regarded as admitted. Of the relevancy of denials in a particular defense, the test is whether such denials are inconsistent with any of the allegations of the complaint. If so, in pleading that defense, the defendant not only may, but should, within the limits of such defense, deny all such inconsistent allegations of the complaint. Mendelson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825. All other denials—that is, all denials of consistent allegations—are irrelevant and redundant, and will be stricken out upon the motion of a party aggrieved thereby. Blaut v. Blaut, 41 Misc. Rep. 572, 85 N. Y. Supp. 146. A plaintiff loses the right to demur to a defense which contains denials (Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244), and by such loss a plaintiff is aggrieved within the language of the section (Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274).

[5] Testing the answer by the foregoing rules, it is found that the separate defenses numbered second, fifth, sixth, seventh, and eighth are complete in themselves, without the aid of any denials whatever. Each of such defenses, if established, entitles the defendant to a dismissal of the complaint, even though every allegation of the complaint be admitted or proved.

[6] The fourth defense, paragraph 13 of which alleges that the payment of plaintiff's claim would be in excess of the appropriation, is, however, inconsistent with paragraph VI of the complaint, which

alleges that an appropriation was duly made. In the fourth defense, therefore, paragraph VI of the complaint may properly be denied.

[7] By not moving to strike the repetitious clause from the first and third defenses, the plaintiff admits, consistently, that those defenses, without appropriate denials, would be insufficient.

An order will be granted: (1) Striking out paragraph 13 of the answer, with permission to the defendant to substitute, in lieu thereof, an appropriate denial of paragraph VI of the complaint; that is to say, a denial, or a denial upon information and belief, or a denial of any knowledge or information sufficient to form a belief. (2) Striking out paragraphs 8, 15, 17, 19, and 21 of the complaint. Settle order on notice, providing for the service, within 10 days, of amended answer.

Ordered accordingly.