Soeurbee, Incorporated, Respondent, *v.* Jatison Construction Company, Inc., Appellant.

First Department, February 1, 1918.

**Pleading — denials essential to affirmative defense should not be stricken out.**

Where in an action for the breach of a building contract, the plaintiff alleges non-performance on the part of the defendant, and also due performance of all the terms of the contract on plaintiff's part, except as waived by the defendant, and the defendant pleads as an affirmative partial defense that the plaintiff failed to assert its claim within ninety days as required by the terms of the contract, denials of plaintiff's allegations as to non-performance were in no sense essential to the affirmative defense, and were properly stricken out, but denials as to due performance by the plaintiff except as waived by the defendant were essential to the defense and should not be stricken out.

It is well settled that denials which are essential to render available the other facts pleaded as a separate defense should not be stricken out.

Appeal by the plaintiff, Jatison Construction Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1917, granting plaintiff's motion to strike certain denials from an affirmative partial defense.

*Frederick E. Anderson* of counsel [*Stoddard & Mark,* attorneys], for the appellant.

*Lawrence E. Brown* of counsel [*Bullowa & Bullowa,* attorneys], for the respondent.

Shearn, J.:

The first cause of action, which is the only one with which we are concerned, alleges the breach of an agreement in writing whereby a building should be fully completed, decorated and equipped as provided therein. Paragraphs 4 and 5 of the complaint, which are the ones denied in the affirmative partial defense, are as follows:

"*Fourth.* The defendant did not perform said contract on its part to be performed, but on the contrary, on January 2nd, 1917, conveyed the aforesaid 79th Street premises to the plaintiff, and the said building thereon had not been and is not fully completed, decorated or equipped as provided in said contract, and the contracts relating to work in said building were not substantially carried out, to the damage of the plaintiff in the sum of $75,000.

"*Fifth.* The plaintiff duly performed all the terms and conditions of said contract on its part to be performed, except in so far as the same were waived by the defendant with respect to notices of the defects in the completion, decoration and equipment of said building upon said 79th Street premises."

The affirmative partial defense is, in part, that the contract provided that "any claim of damage by the plaintiff against the defendant should be asserted within ninety days after the time when title to said 79th Street premises was tendered in accordance with said contract, and that if within such ninety days any dispute or controversy should have arisen, or any claim for damage should have been made, such building should be deemed to have been accepted by the plaintiff except as to the matters to which objection has been made,"; and that "within such ninety days certain disputes or controversies did arise and certain claims for damages were made by the plaintiff, and on information and belief, that as to the greater part of the alleged claims of the plaintiff for which this action was brought, no objection was made within the said ninety days, and that by reason of such fact, the plaintiff waived such objections and the said 79th Street building was by the terms of said agreement deemed to have been accepted by the plaintiff except as to such matters to which objection was made within the said ninety days."

It is now well settled that denials which are essential to

render available the other facts pleaded as a separate defense should not be stricken out. (*Mendelson* v. *Margulies*, 157 App. Div. 666; *Pullen* v. *Seaboard Trading Co.*, 165 id. 117.)

It is quite apparent that the denials of the allegations in paragraph 4 are in no sense essential to this affirmative defense, for they are allegations alleging non-performance on the part of the defendant, whereas the theory of the defense is that it admits non-performance but meets the claim with the ninety-day clause.

Quite different, however, is the situation with reference to the denial of the allegation in paragraph 5, for here the plaintiff alleges due performance of all the terms of the contract on plaintiff's part *except as waived by the defendant*. For the defendant to admit that plaintiff duly performed the provision with respect to giving ninety days' notice or that the defendant waived the clause with respect to the ninety days' notice would absolutely destroy the legal effect of the defense, consisting of the plaintiff's failure to assert its claim within ninety days. This denial is essential to the defense and should not have been stricken out.

The order should be modified by eliminating the provision striking out paragraph III of the answer and substituting therefor the following: " That all denials incorporated in Paragraph III of the answer be and they are hereby stricken out as irrelevant and redundant, except the denial of due performance by plaintiff except as waived by the defendant," and as so modified the order is affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, without costs.