Second Department, April, 1921.              [Vol. 196

HARRY HITCHING, Respondent, *v.* GEORGE N. ROBINSON,
Appellant.   (Action No. 2.)

Second Department, April 15, 1921.

**Pleadings — action to recover for services in renting building — affirmative defense of misconduct in obtaining commissions from tenants — striking out as redundant denials not essential to affirmative defense.**

In an action on a contract to recover for services in renting a building from the defendant in which the defendant alleged that the plaintiff accepted a subordinate position, it is not necessary to the completeness of the defense based on misconduct in obtaining commissions from tenants that the defendant repeat prior denials of the allegations of the complaint.

Accordingly, denials which were not essential to the logical completeness of the affirmative defense were properly stricken out as redundant.

JENKS, P. J., dissents in part, with memorandum.

APPEAL by the defendant, George N. Robinson, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Richmond on the 14th day of February, 1921, striking out certain paragraphs from the answer.

Both causes of action are upon contract. The first was for services between June 17, 1918, and July 8, 1920, in renting the Robinson Building. The second was for services that began in May, 1917, in regard to installing a submeter electric service. The answer denied almost all the averments of the first cause of action, except that it admitted services in connection with the Robinson Building between October 1, 1918, and June 1, 1920. It admitted (¶ IV) a written agreement in May, 1917, regarding the sub-electric service, the subject of the second cause of action. Except as admitted above, it denied paragraphs 4th, 5th, 6th, 7th and 8th of the complaint. With these exceptions, paragraph V denied that plaintiff performed any work between the dates stated in the complaint, in connection with the Robinson Building.

Paragraph VI gave defendant's version of plaintiff's engagement on May 15, 1917. Paragraph VII set up plaintiff's employment as a clerk from October 1, 1918, to June 1, 1920, when he was paid $1,405.63 in full.

The second separate defense to the first cause of action is a charge of misconduct in obtaining commissions from tenants. It began (¶ VIII) by repeating the negative allegations of paragraph V. A separate defense to the second cause of action (¶ XIV) began by stating that it repeated paragraph IV, and then alleged payment in full. The order appealed from struck out paragraph V and so much of paragraph VIII as repeated and realleged the allegations of paragraph V and paragraph XIV, which repeated and realleged the allegations of paragraph IV, which sought to add such denials to these separate defenses.

*Edward B. Twombly*, for the appellant.

*Hugh Govern, Jr.* [*Clifford H. Owen* with him on the brief], for the respondent.

PUTNAM, J.:

Whether the plaintiff had the precise employment regarding the renting of the Robinsion Building which the complaint states, or stood in a mere subordinate relation as this answer maintained, the averment of misconduct in obtaining commissions from the tenants would be equally available. Therefore, it is not essential to the logical completeness of this defense to repeat the prior denials. It is, therefore, redundant, so that in good practice it should be stricken out. In *Herrmann* v. *Cabinet Land Co.* (217 N. Y. 526) the court said (p. 531): " A denial of any of the allegations of the complaint would not be looked for in the part of the answer containing an affirmative defense." (See, also, *Soeurbee, Inc.,* v. *Jatison Construction Co., Inc.,* 181 App. Div. 662; *Bulova* v. *Barnett, Inc.,* 193 id. 167 *et seq.*)

The excision of paragraph XIV, repeating the earlier denials in paragraph IV, was also right. An affirmative defense of full payment is not supported or supplemented by denials. Indeed, denials of the service obscured and weakened a plea of full payment.

Therefore, I advise that the order be affirmed, with ten dollars costs and disbursements.

MILLS, BLACKMAR and KELLY, JJ., concur; JENKS, P. J., dissents in separate memorandum.

JENKS, P. J. (dissenting):

I dissent and vote to modify the order in so far as it strikes out paragraph or subdivision V of defendant's answer to the amended complaint. (See *Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209; *Bulova* v. *Barnett, Inc.*, 193 App. Div. 167 *et seq.*)

Order affirmed, with ten dollars costs and disbursements.