MORGAN v. HEDSTROM et al.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

1. CORPORATIONS—DEBTS—DIRECTORS—LIABILITY—ANNUAL REPORT.

Long-time bonds, secured by mortgage upon all the property of a corporation, and accepted wholly on the strength of such security, are "debts," within the stock corporation law (section 30) making the directors personally liable therefor as a penalty for neglecting to make the annual report as provided therein.

2. SAME—LIMITATIONS.

Limitations do not begin to run in favor of the directors neglecting to make such report until the bonds mature.

3. SAME—CONTINUOUS DEFAULTS.

Where there have been continuous defaults for several successive years, it is immaterial upon which one the action against the directors is founded.

4. SAME—JOINT LIABILITY.

The directors are jointly liable for a default, though a part of them had previously become liable for a previous default.

Action by Amos W. Morgan against Arthur E. Hedstrom and others. There was a verdict for plaintiff, and it was ordered that the exceptions taken thereto be heard before the supreme court in the first instance. Defendants move for a new trial. Denied.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Norris Morey, for plaintiff.
William Nottingham, for defendants Holden.
William A. Douglas, for defendant Hedstrom.

GREEN, J. This action was brought under section 30 of the stock corporation law, to recover of the defendants, as directors of a manufacturing company, the principal and interest of 10 bonds of $1,000 each, as the penalty thereby imposed for the failure to make and file, in the month of January, 1896, the annual report provided for by that section. The company was incorporated in 1879, under the manufacturing act of 1848, for the purpose of mining ore and manufacturing pig iron. In December, 1883, an issue of bonds, amounting to $175,000, payable 10 years from date, was duly authorized by the company, and secured by a mortgage deed of trust covering all its real property and appurtenances thereto. Of such bonds only $120,000 were actually issued, and these were subscribed by the then directors of the company, viz. E. R. Holden, E. F. Holden, E. L. Hedstrom, and C. H. Smythe, who took $25,000 each, and A. B. Meeker, who took $20,000 of the same. The plaintiff claims to have purchased, on the 21st day of January, 1884, these bonds involved in this suit of E. L. Hedstrom, who he knew was at that time a director and the president of this company. It appears that none of the other bonds had been transferred by the parties who originally subscribed for and took them. Neither the company nor its directors have, since its incorporation, in 1879, made or filed any annual report; and, so far as it appears, the company owes no indebtedness save this issue of bonds. Meeker ceased to be a trustee in 1885,

and H. S. Holden was elected at that time in his stead. E. L. Hedstrom died in 1894, and his son, Arthur E. Hedstrom, was elected director in his place in June, 1895. Messrs. E. F. Holden, E. R. Holden, and C. H. Smythe have been directors since the organization of the company. · No action has been brought to foreclose the mortgage. The counsel for the defendants contend that it was not the legislative intent to embrace within the scope of the penal provisions of section 12 of the manufacturing act or of section 30 of the stock corporation law obligations like those in question, running for a long period of years, secured by a mortgage upon the entire property of the corporation, and subscribed for and· taken wholly upon the strength of such security; and that obligations of such a character are not such "debts" as were within the contemplation of the legislature, and intended to be secured by the personal liability imposed upon the directors as a penalty for neglect to make and file an annual report. It is undoubted that the issuing of corporate bonds and their transfer to a purchaser create a debt, and constitute him a creditor of the company. In Kirkland v. Kille, 99 N. Y. 390, 2 N. E. 36, "the plaintiff proved that the bonds in question were part of a series of first mortgage bonds issued by the Globe Smelting Company, and authorized by its trustees, for the sole purpose of borrowing money in order to successfully conduct the business for which it was incorporated." The plaintiff in that case was precluded from maintaining the action against the trustees, upon the ground that the bonds had been diverted from the purpose for which they were intended and authorized, to his knowledge; but it appears to have been assumed, without question or argument, both by the court and the defendants' counsel, that the mortgage bonds constituted a debt within the purview of the statute. In Carr v. Risher, 50 Hun, 148, 2 N. Y. Supp. 792, the action was founded upon bonds payable in three years, but it does not appear that they were secured by mortgage. A judgment for the plaintiff was reversed upon other grounds, and the question here presented was not passed upon; but, in view of the decision in 99 N. Y. 390, 2 N. E. 36, and the assumption implied therefrom, I am of the opinion that the rule there assumed to be the true rule must be here adopted in the disposition of this question.

The defendants further contend that the plaintiff's cause of action is barred by the statute of limitations by reason of the neglect to file the annual report long prior to the maturity of the bonds. The bonds became due and payable December 1, 1893, at which time, and not before, the plaintiff's right of action against the company or the directors accrued. This action was commenced May 13, 1896, and, consequently, within three years after the accrual of the right of action to recover the debt, either of the company or of the directors. This cause of action, as it existed on the 1st day of December, 1893, could not be extended by subsequent defaults, as respects those trustees, whose liability for the debt had then become fixed by reason of the previous defaults; so that, if this action had been brought after the expiration of three years from the time the cause of action ac-

crued (December 1, 1893), the defendants Holden would be discharged from liability. But, since the action was brought in time, and the proofs and the admissions of the parties show that the defendants Holden have incurred a legal liability to pay the plaintiff's bonds, it is immaterial to them, in point of law, whether the complaint is founded upon the last or the first default, or any of the intermediate defaults. There has been no alteration of the debt in any manner or form during all this period of time, and a technical objection of that character is utterly insufficient to constitute a substantial defense to the action. It is admitted that there have been continuous defaults in each and every year since the plaintiff became the owner of the bonds in suit, and, consequently, that the defendants Holden have incurred a statutory liability to pay them. A complaint founded upon the last default in no way increases, alters, or affects the measure of their liability, or injuriously affects them in their defense to the action; on the contrary, it is beneficial to them, since it brings into the action a co-director, who is also liable for the payment of the same debt. And this brings us to the objection that there is an improper joinder of causes of action, in this: that the defendant Hedstrom is liable only for the default in January, 1896, and not for any previous default before he became a director; and that the Holdens are not liable to an action based upon the default of that year. The answer to this objection is that when the defendant Hedstrom became liable for the payment of the plaintiff's bonds, the defendants Holden were also liable for the same identical debt, no more and no less, although their liability had theretofore accrued; and, since they failed to comply with the requirements of the statute by neglecting to file a report in the year 1896, it is no defense for them to say that their obligation to pay the same debt accrued upon the previous defaults. Their obligation was continuing, and existed at the time when their co-director became obligated to pay the same debt, and thus a joint and several liability accrued. See Vincent v. Sands, 42 How. Prac. 231, affirmed without an opinion in 58 N. Y. 673. That the plaintiff's cause of action is not barred by the statute of limitations is clear upon the authorities. Losee v. Bullard, 79 N. Y. 406; Rector, etc., v. Vanderbilt, 98 N. Y. 170; Bruce v. Platt, 80 N. Y. 379; Duckworth v. Roach, 81 N. Y. 49; Allen v. Clark, 108 N. Y. 269, 15 N. E. 387; Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980; Chapman v. Comstock, 58 Hun, 325, 11 N. Y. Supp. 920. I have considered the other objections made to the plaintiff's right of action, but find them untenable.

The motion for a new trial should be denied, and judgment ordered for the plaintiff upon the verdict. All concur.