form where awards are made to unknown owners. It is objected, on behalf of Jared W. Bell, claimant of award for damage to parcel No. 332, which award has also been made to "unknown owners," that his case differs from the case which was presented to the court in Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892, and in Re City of Rochester, supra, inasmuch as a default had been made in the payment of the interest on the mortgage which existed upon said property, and a lis pendens was filed in a foreclosure suit prior to the vesting of the title in the city of New York to the land acquired in this proceeding. The judgment of foreclosure was subsequent to the vesting of title; and the sale, which took place pursuant to the judgment in foreclosure, also occurred subsequent to the vesting of the title, but it appears that in the judgment of foreclosure the award was in terms transferred under the foreclosure decree and by the referee's deed. That decree cannot be attacked collaterally, and as all the parties interested in the property covered by the mortgage must be assumed to have been parties to the suit, in the absence of any evidence to the contrary, I do not think that this case falls within the doctrine laid down in the cases cited, and therefore I think that the commissioners would have been justified in making the award to Mr. Bell. The proper order to be entered, I think, therefore, will be to confirm the report of the commissioners in every respect excepting in regard to the claim filed by Mr. Bell, and in that respect the report should be sent back for correction.

Ordered accordingly.

(34 Misc. Rep. 624.)

STATEN ISLAND MIDLAND R. CO. v. HINCHCLIFFE.

(Supreme Court, Special Term, Kings County. April, 1901.)

1. CORPORATIONS—LIABILITY OF DIRECTORS—LIMITATIONS.
   Laws 1899, c. 354, § 34, provides that a director of a stock corporation shall not be liable to a creditor of the corporation for failure to file annual report, unless within three years after such omission a creditor serves upon him written notice of intention to hold him personally liable. *Held* not intended to shorten the three-year statute of limitations, applicable to actions to hold a director personally liable on the failure to file such annual report, where the debt matured before such failure, but to apply only to a creditor whose debt had not accrued at the time of such failure, and who, therefore, had no existing right of action.

2. SAME—NOTICE.
   Under Laws 1899, c. 354, § 34, where a director has failed to file an annual report of the condition of a stock corporation, and the debt has not accrued before such failure, the director is not liable, unless within three years after default he is served with the notice prescribed by such section.

3. SAME—DEFENSES.
   Under Laws 1899, c. 354, § 34, where a creditor of a corporation, in an action against a director to recover for a debt due by the corporation, on failure of the director to file the statutory annual report, alleges that he has paid a certain debt of the corporation, a defense setting up the evidence by which defendant proposed to prove that plaintiff did not pay the debt is demurrable, as no defense, taking all the allegations of the complaint to be true, is afforded by it, and the facts set up therein, if provable, are provable under the general denial.

Action by the Staten Island Midland Railroad Company against James C. Hinchcliffe. Demurrer to alleged defenses. Sustained.

Harcourt Bull, for plaintiff.
John Widdecombe, for defendant.

GAYNOR, J. 1. The complaint states eight separate causes of action against the defendant as a director of a stock corporation, seeking to hold him for debts of the corporation for failure of its directors to file an annual report in the month of January in the years 1898, 1899 and 1900, as required by section 30 of the stock corporation law (Laws 1892, c. 688). The debts accrued against the corporation before such omission, viz., in 1897 in the case of some of the causes of action, and in 1898 in the case of others. This action was begun in 1900.

Section 34 of the said law was passed since the said causes of action accrued, viz., in 1899 (Laws 1899, c. 354), and provides that a director of such a corporation shall not be liable to a creditor of the corporation for its failure to file such report, unless within three years after such omission such creditor shall have served upon him "written notice of his intention to hold him personally liable for his claim." To begin the action within such time would no doubt be equivalent to such notice and make it unnecessary. This is followed by a proviso that any such liability existing at the time of the taking effect of such provision, might "be enforced by action begun at any time within the year 1899, or by action begun thereafter" if such written notice should be given within the year, which was the year in which the act was passed.

The defendant pleads as a defence to all of the causes of action that they are barred, in that though they existed prior to the taking effect of the said section 34 in 1899, the plaintiff did not in that year begin action thereon, or give the defendant the prescribed notice of intention to hold him personally liable therefor. This defence is demurred to for insufficiency. It is interposed on the theory that each cause of action must be based on the first omission to file the annual report which occurred after the debt was incurred by the corporation, and cannot be based on a subsequent omission; that the action allowed by the statute is penal, and cannot arise or be renewed on successive omissions, but arises only once. If the plaintiff could base his action on the omission of 1900 such defence would not be applicable at all.

I do not see that section 34 will bear the construction which this defence calls for. By the regular statute of limitations (Code Civ. Proc. § 383, subd. 3) the defendant had three years from the time when his rights of action accrued against the defendant within which to commence action thereon. As we have seen, some of them accrued by the failure of the corporation to file its annual report in January, 1898, and the others by such failure in January, 1899, and the statute of limitations had therefore run against none of them when this action was begun, i. e., in 1900. Plainly, the intention of the legislature was not to shorten this limitation of

three years by the proviso of section 34 in a case like the present one.

That section was not passed to meet the case of a creditor with a debt due against the corporation at the time of the omission to file the annual report, and whose cause of action against the directors therefore accrues upon such omission, and can be brought within three years thereafter; but to meet the case of a creditor having a claim against the corporation which has not yet matured at the time of such omission, and where his right of action against the directors would therefore not accrue until his debt had matured, as in Morgan v. Hedstrom, 25 App. Div. 547, 49 N. Y. Supp. 1049; Id., 164 N. Y. 224, 58 N. E. 26, where the indebtedness arose upon mortgage bonds of the company, which were payable in ten years from their date, and had not yet matured and had more than three years to run at the time of such omission by some of the defendants. The meaning of the provision is that directors shall not be liable in such cases unless the prescribed notice is served on them within three years after such omission; but as the application of such provision to all such cases immediately on its passage would obviously have cut off some existing rights of action, against which the statute of limitations had not yet run, the proviso was added that they might be brought during that year, i. e., 1899, or thereafter if such notice should be given in that year; which means they might be brought during 1899 (but only within the regular period allowed by the statute of limitations) if three years from the omission of the directors had already expired at the passage of the act, or would expire before the beginning of 1900; and thereafter (but of course also within the regular period allowed by the statute of limitations) in cases where such three years from the omission would run beyond 1899, upon giving such notice before the expiration of 1899. To give the said section the construction contended for by the defendant would attribute to the legislature the strange intention of shortening the limitation in cases where the cause of action arose against the directors by their omission to file the annual report after the debt had matured against the corporation; whereas the legislature was not dealing with such cases at all, but with cases where by reason of an obligation of the corporation not having come due the cause of action had not accrued or would not in future cases accrue against the directors within three years after their omission.

2. There is another defence to all of the causes of action which is demurred to. Each of the eight causes of action in the complaint is based on an allegation that the plaintiff paid an indebtedness of the stock corporation of which the defendant was a director, and that such stock corporation thereby became indebted to the plaintiff therefor, and the omission of the defendant and his co-directors to file the annual report of such corporation is alleged as making the defendant liable for such debt. . After reading the pages of painful verbiage which make up the so-called defence which is now being considered, it is found to come down to this, i. e., that the several debts alleged in the said causes of

action were paid by a certain named firm; and that if the plaintiff paid any of them it did so as the agent of the said firm and out of its funds. How can this be called a "defence" in pleading? The plaintiff pleads that it paid them, and bases its cause of action thereon. The answer denies that it paid them, and thereby raises issue thereon. Under this any and all evidence tending to show that the plaintiff did not pay them is admissible. This is common knowledge in our learned profession. Why then plead as a "defence" that some one else paid them? That is not a "defence" at all; nor, for that matter, does it matter who paid them, or that they were ever paid, if the plaintiff did not pay them. A "defence" in pleading can only consist of "new matter constituting a "defence" (Code Civ. Proc. § 500), i. e., new matter which if all of the allegations of the complaint be taken as true will nevertheless defeat the action. This is also common knowledge in our profession. Matter which is provable under a denial is not new matter at all, and cannot constitute a "defence" in pleading. No matter is new which is provable under the issue raised by a denial, but only matter which is outside of that issue, like a general release, a former adjudication, the truth of the matter alleged as a slander, that the contract sued on is fraudulent, and so on. "New matter" means matter other than that embraced in the issue raised by a denial or denials. To repeat, the sufficiency of a "defence" in pleading has to be tested by the question whether taking all of the allegations of the complaint to be true it constitutes a defence to the action. Railroad Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Durst v. Railroad Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297. This so-called "defence" is only confusing verbiage which should not be allowed to remain and distract the trial judge. It is a mere recitation of the evidence by which the defendant proposes to prove that the plaintiff did not pay the said debts.

The demurrers are sustained with costs.