(86 App. Div. 163.)

### JOHN CHURCH CO. v. PARKINSON.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. PLEADING—STRIKING OUT IRRELEVANT MATTER.
   An order should not be made striking out allegations of a pleading, unless it is manifest they are not material or relevant, and that no evidence under them can be introduced on the trial, and if there is any reasonable doubt the remedy is by demurrer or other objection at the proper time.

---

¶ 1. See Pleading, vol. 39, Cent. Dig. § 1094.

**2. SAME—REMEDY BY DEMURRER.**
    Where an answer contains allegations constituting both a defense and counterclaim, the question whether it does set forth defenses, and whether, if it properly alleges a counterclaim, such counterclaim may be asserted in the action, may be raised by demurrer, rather than by motion to strike out the allegations as irrelevant and redundant.
    Williams, J., dissenting in part.

Appeal from Special Term, Erie County.

Action by the John Church Company against William H. Parkinson. From an order striking out certain portions of the defendant's answer as irrelevant and redundant, he appeals. Reversed in so far as it strikes out the allegations in the third answer, and otherwise affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Thomas A. Sullivan, for appellant.
Henry Adsit Bull, for respondent.

HISCOCK, J. This action is one of replevin brought to recover the possession of a piano claimed to have been sold by plaintiff's assignor, one Strathy, to defendant upon the installment plan of payment, with title remaining in the vendor until the entire purchase price had been paid. It was alleged in the complaint that defendant made default in the payments agreed to be made by him, and that therefore plaintiff became entitled to retake possession of the piano. Defendant served an answer, which, in addition to various denials of the allegations of the complaint, contained various affirmative allegations constituting what was indicated in the answer as "a third separate answer and defense and * * * counterclaim." The order appealed from struck out of this answer as irrelevant and redundant various allegations contained in said answer, and for the most part found in said third subdivision, already referred to.

We think that, while not specially objectionable, the allegation contained in said answer, wherein defendant admits that as trustee and agent for his daughter he did enter into a contract with Charles Strathy, and which contract is partially, but not entirely, set forth as Exhibit A, and annexed to the complaint, is redundant and unnecessary, in view of the other allegations in the answer, and may be properly dispensed with and stricken out.

We do not, however, think that the order should have been made striking out, upon the ground stated, the various allegations specified by it in the third answer. There may be found in this answer one or two sentences which possibly are so redundant or so statements of evidence as to make it permissible to strike them out of the answer upon motion. Treating as a whole and in its entirety, however, the order as it deals with this portion of the answer, we regard it as going further than good practice justifies, and as entrenching upon a field which might be better covered by demurrer than by a preliminary motion to strike out allegations. The general principles which govern such a preliminary motion are well settled, and an order should not be made striking out allegations of a pleading unless it is very clear and manifest that such allegations are not material or relevant, and that

no evidence under them can be introduced upon the trial of the action. If there is any reasonable doubt upon these points, relief against the supposedly objectionable allegations should be sought by demurrer or other objection at the proper time.

That part of defendant's answer especially affected by the order in question is undoubtedly drawn in a somewhat confused and inartificial manner. It purports upon its face to contain in one subdivision allegations constituting both a defense and counterclaim, and as a matter of fact it does contain allegations which it might be urged set up by way of defense defendant's nonliability on account of his having acted simply as a disclosed agent for his daughter, and also the absence of any default in payment pending the repair of the piano which would be a basis for the commencement of this action. It also purports to contain allegations constituting a counterclaim. Many of these allegations are stricken out.

As already indicated, we think that the questions whether this answer does set forth defenses, and whether if it properly alleges a counterclaim such counterclaim might be set forth in this action, should be raised by demurrer rather than upon a motion of this character. If defendant has embraced in one purported answer more than one defense, and in addition an affirmative counterclaim, plaintiff has its remedy to cause a proper division and separate statement of these matters before demurring.

The order appealed from is reversed in so far as it strikes out the various allegations indicated in the third answer, and is otherwise affirmed, without costs to either party of this appeal. All concur, except WILLIAMS, J., who votes for reversal of entire order, with costs.