## HUTCHINSON v. STERN.

(Supreme Court, Appellate Division, Fourth Department.   November 14, 1906.)

ASSAULT AND BATTERY—DAMAGES—FRIGHT OF WIFE.

Plaintiff, in an action for an assault committed on him in the presence of his wife, cannot recover for injuries to the wife, occasioned by fright, and subsequent loss of service of the wife.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 100.]

Kruse and Spring, JJ., dissenting.

Appeal from Special Term, Jefferson County.

Action by Herbert Hutchinson against Sugmund Stern.   From an order striking a portion of the complaint, plaintiff appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

N. F. Breen, for appellant.

John Conboy, for respondent.

NASH, J.   The action is for assault and battery.   The first count of the complaint alleges that the said defendant, at the town of Orleans, county of Jefferson, N. Y., on or about the 27th day of April, 1906, with force and arms assaulted this plaintiff, and then and there with force and violence seized and laid hold of the said plaintiff, and did then and there strike and beat the said plaintiff on the head with his fist, and did then and there with drawn knife assault the said plaintiff, and did chase the said plaintiff across the lands belonging to the said defendant; that said defendant with drawn knife did then and there threaten to take the life of the said plaintiff, and did then and there with drawn knife threaten to cut plaintiff's heart out, thereby causing the plaintiff great damage and injury, all of which the said defendant did without cause or provocation, and by which the said plaintiff was then and there greatly hurt, bruised, and injured, to the damage of the said plaintiff in the sum of $1,000.   The second count alleges a cause of action for an assault upon the plaintiff, committed at the same time and place and in substantially the same language as in the first count, with additional matter as follows:

"That while the said defendant was engaged in the assault upon the plaintiff herein, one Lilian Hutchinson, the wife of said plaintiff, was present and near by; that said wife was at that time pregnant with child; that said assault upon plaintiff caused the said wife great distress and did greatly frighten her; that because of such fright and distress the plaintiff's wife gave premature birth to a still-born child; that said plaintiff was put to great expense in the care and doctoring of his said wife; and that the plaintiff was deprived of the services of his wife on account of the said assault upon the plaintiff herein, to the plaintiff's damage in the sum of one thousand dollars."

Which additional matter was, by the order of the Special Term, stricken out as irrelevant and redundant.

The rule is settled in our state that fright alone cannot form the basis of an action.   Mitchell v. Rochester Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604.   In Wulstein v. Mohlman, 5 N. Y. Supp. 569, it was held that one who obtained

101 N.Y.S.—10

property by duress of threats is not liable for consequential mental distress and physical suffering which caused a miscarriage of the plaintiff; such damages being regarded as too remote.

We are not referred to any case which sustains the contention of the plaintiff that the plaintiff, in an action for assault, may not only recover the damages sustained in his own person, but also the damages sustained by reason of injury to the wife, occasioned by fright, and consequent loss of services of the wife. In Williams v. Underhill, 63 App. Div. 223, 71 N. Y. Supp. 291, cited in support of the plaintiff's contention, the damages sought to be recovered were for an assault committed upon the person of the plaintiff, by reason of which she was made sick, sore, lame, and disabled, and suffered great mental pain and anguish, and more particularly that she was nervously prostrated and became insane, and by reason of the same was compelled to expend large sums of money in procuring medical attendance. The damages there alleged were suffered by the plaintiff in her own person, which is clearly distinguishable from mental suffering in a person other than the one assaulted.

The question here has been directly before the courts of other states, and adjudged adversely to the plaintiff's contention. In Hampton v. Jones, 58 Iowa, 317, 12 N. W. 276, a claim for special damages in an action for malicious prosecution, on the ground that the wife, because of the finding of the indictment, became sick and utterly helpless, is too remote. Desertion of the husband by the wife in consequence of the publicity of a charge of larceny and adultery is not such a natural and proximate consequence as to entitle him to special damages therefor. Georgia v. Kepford, 45 Iowa, 48. In an action for false imprisonment, testimony as to the miscarriage of the wife and the expense of doctoring her, claimed to have been caused by the plaintiff's arrest, held not to be admissible. Ellis v. Cleveland, 55 Vt. 358.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except KRUSE, J., who dissents in an opinion in which SPRING, J., concurs.

KRUSE, J. (dissenting). I dissent. I am not prepared to assent to the proposition that, where a man in company with his wife is without provocation assaulted by another, the husband being attacked and chased by the assailant with a drawn knife, in consequence of which, through fright, the wife suffers a miscarriage, neither she nor the husband has any redress for the injury which she suffers in consequence of such willful and wrongful act upon the part of the assailant. I think that proposition cannot be sustained by reason or any authority which we are required to follow, and is directly at variance with the decisions of the courts of our own state as I read them. Preiser v. Wielandt, 48 App. Div. 569, 62 N. Y. Supp. 890; Williams v. Underhill, 63 App. Div. 223, 71 N. Y. Supp. 291.

I think the circumstances may be such that both are entitled to recover damages, the wife for pain and suffering and the husband for loss of services. It is true the complaint is not very definite as to just where the wife was when the assault occurred. The complaint

states "present and nearby." That may afford grounds for requiring the complaint to be made more specific and definite respecting the nearness of the plaintiff's wife when the assault occurred, and the surrounding circumstances, but not for emasculating the complaint by striking out allegations which the evidence may show to be entirely relevant and material. Motions of this character are not favored and will be denied unless it appears clearly that the matter sought to have stricken out cannot in any view of the case become material. John Church Co. v. Parkinson, 86 App. Div. 163, 83 N. Y. Supp. 175; Rankin v. Bush, 108 App. Div. 295, 95 N. Y. Supp. 718; Bradner v. Faulkner, 93 N. Y. 515, 522. And, besides, when we have all the facts before us the question may not be in the case.

I think the order should be reversed.