MORGAN MUNITIONS SUPPLY COMPANY, Plaintiff, *v.* STUDEBAKER CORPORATION OF AMERICA, Defendant.

(Supreme Court, New York Special Term, June, 1917.)

Contracts — unenforcible under section 939 of the Penal Law.
Pleading — rescission of contract for fraud — demurrer to separate defense — allegations of complaint not denied — demurrer.

The act of plaintiff's assignor in falsely impersonating, in writing, an individual of distinguished reputation in the British army, to induce his employment by defendant to obtain orders for its goods from certain foreign governments, constitutes a crime under section 939 of the Penal Law and the contract of employment is not enforcible though executed; and its illegality is a defense to an action to recover agreed commissions for obtaining the orders.

Where, for the purposes of a defense, proceeding as for a rescission of the contract for fraud, the facts alleged in the complaint are admitted, an allegation that any services rendered by plaintiff's assignor at defendant's request were of no value cannot avail to save the affirmative defense from the effect of the admitted allegations of the complaint, as, without a denial, they must be taken as true, and a demurrer to said defense will be sustained, but with leave to amend.

DEMURRER to separate defenses in supplemental answer.

Lewis L. Delafield and E. J. Dimock, for motion.

George Gordon Battle and Merle T. St. John, opposed.

Erlanger, J. To an action for commissions at an agreed rate under a contract whereby the plaintiff's assignor was employed by the defendant to obtain orders for its goods from certain foreign governments, the defendant sets up two defenses, alleging the deception practised upon it by the plaintiff's assignor for the purpose of obtaining the employment, in falsely impersonating an individual of distinguished reputation in the British army, by resort to written misrepresentations.

The first defense contains all the allegations necessary to bring the case within the inhibition of section 939 of the Penal Law which reads: "A person who obtains employment or appointment to any office or place of trust by color or aid of any false or forged letter or certificate of recommendation, or of any false statement in writing, as to his name, residence, previous employment or qualification; * * * is guilty of a misdemeanor." See *Kenny* v. *Union R. Co.*, 166 App. Div. 497.

It is apparent from the nature of the contract in suit that the element of personal trust and confidence was an important feature of the employment, and that the false statement in writing as to the employee's identity was an inducing cause of the contract. Therefore, that contract, which was procured by acts constituting a crime, is unenforceable, although executed, and a defense is disclosed to the action based upon the contract for the agreed rate of compensation. *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384, 386. The question of the employee's right to recover upon a *quantum meruit* is not involved, but the defense is

sufficient when directed to a claim upon the contract itself.

The second defense proceeds as for rescission of the contract for the fraud. Here, however, it is necessary for the defendant to offer restoration of what has been received by it under the agreement as executed upon the part of the plaintiff's assignor. *Schank* v. *Schuchmann,* 212 N. Y. 352. The complaint alleges that through the services of the plaintiff's assignor, rendered under the contract in suit, the defendant sold its goods and realized from the sales the gross sum of $16,500,000. These facts are admitted for the purposes of the separate defense and it is thus clear that the services, in causing the sale of goods to such an extraordinary extent, must have been of very substantial value. Yet the defendant alleges " that any services rendered by Francis Curtis Morgan at the request of the defendant were of a reasonable value less than the amount demanded in the complaint, to wit, of no value."

In my opinion, this averment cannot avail the defendant to save the affirmative defense from the effect of the admitted allegations of the complaint. Without a denial, the complaint must be taken as true, and an averment by way of defense, merely inconsistent with allegations of the complaint not denied, is of no effect, for the purposes of presenting an issue for trial. *Smith* v. *Coe,* 170 N. Y. 162, 167. The admission of the facts stated in the complaint is controlling. *Pullen* v. *Seaboard Trading Co.,* 165 App. Div. 117.

Demurrer to first defense overruled, with costs, with leave to plaintiff to withdraw demurrer on payment of costs within twenty days. Demurrer to second defense sustained, with costs, with leave to defendant to amend on payment of costs within twenty days.

Ordered accordingly.