Bijur, J.
The complaint, after alleging in its 1st and 2d paragraphs the incorporation of plaintiff’s assignor and of defendant, proceeds in the 3d paragraph to recite that plaintiff’s assignor at the special instance and request of defendant performed certain work of an agreed and reasonable value. In the 4th *152 paragraph it alleges that plaintiff’s assignor “ for a valuable consideration ” duly assigned said account to the plaintiff; in the 5th that “ on or about August 31st, 1918, and subsequent to the aforementioned assignment, the plaintiff duly notified defendant thereof ” and demanded payment; in the 5th that payment was refused, and then follows the prayer for judgment.
The answer sets out first a denial of every allegation of the complaint except the rendition of services by plaintiff’s assignor for defendant. Each of the succeeding five defenses is preceded by a verbatim repetition of this practically general denial. In the first defense it is alleged that on or about October 3, 1918, an account was stated between plaintiff’s assignor and defendant, and that defendant paid to such assignor the amount of said account stated “ prior to notice to it of any valid assignment and to any valid assignment to plaintiff by plaintiff’s assignor.” In the second defense, after the general denial, it is alleged that defendant paid plaintiff’s assignor the full amount of its claim “ without notice to defendant of any valid assignment or of any valid assignment to plaintiff.” The third defense, after the denials, alleges that before the commencement of this action plaintiff’s assignor “ paid plaintiff in full all monies due to him”—a defense which I confess I am unable to understand. The fourth defense, after repetition of the denials, undertakes to allege that there was no consideration for the assignment from plaintiff’s assignor to plaintiff; and the fifth defense, after repetition of the general denials, alleges that plaintiff’s assignor (a corporation) was insolvent at the time of the assignment of its claim to plaintiff, and that under section 66 of the Stock Corporation Law such assignment was void.
So much of plaintiff’s motion as is aimed at striking *153 out the denials in the separate defenses enumerated raises the much-mooted question of the appropriateness and value of denials in separate defenses. The discussion of this subject is complicated by the fact that the relevant decisions are in hopeless conflict. Thus, it has been held that “ each separate defense must be construed as a whole and that the allegations of the complaint not denied in such separate defense are, for the purpose of the sufficiency of such defense, to be treated as admitted.” Empire Trust Co. v. Magee, 117 App. Div. 34, 38. Also “A general denial in an affirmative defense is always improper. A specific denial may or may not be, depending upon the new matter pleaded. * * * Each separate defense pleaded must be complete in itself and contain all that is necessary to answer the whole cause of action, or that part of it which it purports to answer. * * * A specific denial cannot, however, be included in an affirmative defense unless it be necessary to make the defense complete and available.” Haffen v. Tribune Association, 126 App. Div. 675. In Mendelson v. Margulies, 157 App. Div. 666, we find: “ These facts are inconsistent with the allegations of the complaint, and, therefore, could not be proved if the allegations stand admitted, as they do so far as these separate defenses are concerned, if not therein denied.”
On the other hand, in Streeter v. Cloud, 171 App. Div. 572, 576, and Eells v. Dumary, 84 id. 105, the court said: ‘ ‘ General or specific denials as such are improper in an affirmative defense,” citing Stieffel v. Tolhurst, 55 id. 532. See also Blaut v. Blaut, 41 Misc. Rep. 572, where Clarke, J., wrote: ‘ ‘ The denials can be proven under the first nine paragraphs of the complaint (error for answer) (which comprised the denials) and their repetition (in the separate defenses) does not strengthen the plaintiff’s pleading. They are not a *154 necessary or proper part of the separate defenses. The very theory of an affirmative defense is that without denial of the allegations of the complaint the defendant can defeat the plaintiff by new matter pleaded.” See Pom. Code Rem. (3d ed.) §§ 673, 687; and a series of articles by Abraham Benedict, Esq., of the New York Bar in Bench and Bar, beginning in Vol. 13, No. 8, for November, 1918; also State of South Dakota v. McChesney, 87 Hun, 293; White v. Koster, 89 id. 483.
If “ a general or specific denial is improper in an affirmative defense,” and if the very theory of such a defense is that it proceeds “ without denial of the allegations of the complaint,” it is difficult to understand how such a denial can ever “ be necessary to make the defense complete and available.”
Again, in a case which has coneededly been the basis of all subsequent decisions sustaining the propriety of a denial in a separate defense, namely, Douglass v. Phenix Ins. Co., 138 N. Y. 209 (1893), it is said: " The allegations of the complaint not denied in an affirmative defense, are, for the purposes of the question now presented, to be deemed admitted.” Nevertheless in Linton v. Unexcelled Fire Works Co., 124 N. Y. 533, 536, 537, the court held that “A general or specific denial controverts only‘ material ’ allegations. * * * It does not put at issue immaterial averments, because the Code does not require that they should be denied. (See. 500).” It is evident that if only material.allegations need be denied, it cannot be true that “ the allegations of the complaint ” (regardless of whether they be material or not) are admitted by failure to deny them.
With all due respect for the learned opinions to the contrary, I agree with those decisions which hold that a denial as such has no place in an affirmative defense, *155 "and should, therefore, always on motion be stricken out. It is strange that, in the course of the long and more or less acrimonious discussion of this subject, a point which seems determinative of -the question has not only been lost sight of, but has never even been mentioned. It is to the effect that an immaterial allegation in a complaint (namely, an allegation which the plaintiff need not prove in order to establish his cause of action) is incapable of raising a judicially cognizable issue, and need not, therefore, be either admitted or denied. It goes without saying that a complaint should contain only such allegations as are material to the cause of action. That self-evident fact is recognized in the requirement of section 500 of the Code of Civil Procedure (a mere-re-enactment in this respect of section 149 of the Code of Procedure) that the answer “ must contain a general or specific denial of each material allegation of the complaint controverted by the defendant.” The same principle is illustrated in section 522, which provides: ‘ ‘ Each material allegation of the complaint, not controverted by the answer * * * must for the purposes of the action, be taken as true.” In construing pleadings, therefore, and determining their value, we are concerned only with those allegations of the complaint which are material. As was said in Linton v. Unexcelled Fire Works Co., supra: “A general or specific denial controverts only ' material ’ allegations or such facts as the plaintiff would be compelled to prove to establish his cause of action. * * * It does not put at issue immaterial averments, because the Code does not require that they should be denied (Sec. 500).”
In Fry v. Bennett, 5 Sandf. (N. Y. Super. Ct.) 54, Duer, J., said at page 64: “ But we have frequently decided * * * that only those allegations in a complaint are to be deemed material in the sense of *156 the code, which the plaintiff must prove upon the trial in order to maintain his action. It is upon these only that an issue can properly be taken, and it is of these only that the truth is admitted by the omission in the answer of a specific denial.”
In Connoss v. Meir, 2 E. D. Smith (N. Y. Com. Pl.), 314, the court, in referring to an allegation of the value of the property in an action of trover, said: “ The conversion is the gist of the action; and if the conversion of the plaintiff’s goods is proved, the action may be maintained, although the damages should be nominal only. * * * The defendant, therefore, cannot take issue upon it (i. e. the value). * * * Ilis omission, therefore, to. ansioer the averment of value, does not admit it. * * * All such (material) allegations may be denied. They were formerly put in issue by the general issue, and no others were put in issue by that plea; and those, and no others, were admitted, by being left unanswered.”
Again in Sands v. St. John, 36 Barb. 628, referring to an allegation in the complaint that the plaintiff had been restrained by injunction from bringing any action upon the note sued upon for about five years, the court said, at page 633: “ it was unnecessary for the plaintiff to allege any facts or circumstances, in his complaint, to head off or avoid the defense of the statute of limitations * * * And I take it to be clear that unnecessary allegations in the complaint are immaterial, and may be stricken out on motion as irrelevant and redundant. * * * It will hardly do to hold that unnecessary allegations in a pleading are not irrelevant and redundant. * * * It is only every material allegation of the complaint, not controverted by the ansiver, that has to be taken as true. It was¡ therefore unnecessary for the defendant to accompany the defense of the statute of limitations with a denial *157 of the above mentioned allegations, to prevent the court from taking them as true.”
All of the foregoing cases have been repeatedly cited with approval, and so far as I know their authority has never been questioned. It follows, therefore, that an immaterial allegation in a complaint may be disregarded by the defendant since failure to deny it cannot be construed as an admission of its truth in any part of the pleadings or for any purpose. In other words, an immaterial allegation may be treated as if it were not there. If an allegation of the complaint be material, i. e., if it be an allegation of a fact which “ the plaintiff would be compelled to prove to establish his cause of action ” (Linton v. Unexcelled Fire Works Co., supra) and be controverted by the defendant under a separate defense, there is no place for further allegation by way of confession or avoidance. If the cause of action be destroyed by controverting a fact upon whose existence it depends, there surely can be no need under the same defense for “ avoiding ” its effect after confession thereof. In other words, an “ affirmative defense,” i. e., one which proceeds by way of confession and avoidance is as inappropriate to a denial as is the denial to such defense. When we use the phrase “ defense by way of confession and avoidance ” it must not be forgotten that this form of pleading as the rhetoricians described it, “ gave color ” namely, “ an apparent or prima facie right ” in the adversary. Stephen Principles of Pleading (Andrews 2d ed.), § 164. It is analogous to the common form of saying “ conceding for the purposes of this argument ” or “ of this defense,” as the case may be. It is, therefore, not the function of a defense by way of confession and avoidance to admit anything in the technical sense of the word, but to concede, for the purpose of estimating the true value of the defense, *158 that what plaintiff has alleged may be true and may constitute a good cause of action, but (after this “ confession ”) that defendant by new facts undertakes to “ avoid ” the legal effect of plaintiff’s allegations.
The objection that, as a practical matter, this doctrine would compel the defendant at his peril to determine what allegations of the complaint are material and what are not, is without force; whatever allegations, material or not, the defendant needs or desires to controvert he may deny; as to defenses which proceed by way of confession and avoidance the pleader runs no risk, for if the allegations of the complaint be material they have already been met by denial and the cause of action destroyed; if they be immaterial, it is indifferent, so far as the affirmative defense is concerned, whether they be controverted or not, for failure to controvert them does not import an admission of their truth.
It occurs to the lawyer’s mind at once, however, that occasionally if not frequently it becomes necessary in an affirmative defense to assert as a fact the opposite of some immaterial allegation in the complaint. We have in mind also the rule frequently carelessly cited as holding that the statement in an answer of a fact inconsistent with an allegation of the complaint is not equivalent to a denial thereof. But that is not the rule of Smith v. Coe, 170 N. Y. 162, 167. There it is said that: “A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. ’ ’
If, therefore, an allegation in the complaint be material the cause of action has been disposed of by the general denial. If it be immaterial, the pleader may in his affirmative defense safely set out such facts as are inconsistent with these immaterial allega *159 tions of the complaint. Even if such inconsistent statement be not equivalent to a technical denial, it will be effective for the purposes of the affirmative defense since no denial as such of an immaterial allegation is necessary. The true rule is that material matter in a complaint intended to be controverted should be denied; that an affirmative defense proceeding by way of confession and avoidance should be complete in itself, and that in order to so complete it, the pleader is free to assert whatever facts are necessary regardless of whether they are inconsistent with immaterial allegations of the complaint or not. Of course, if a separate defense contains a negation of a single material allegation of the complaint it thereby defeats or destroys the cause of action as effectually as a general denial of every material allegation. Plainly, such negation could be proved under a general denial. Therefore, to hold that a denial of any material allegation of the complaint can properly be a part of an affirmative defense is on its face paradoxical for a defense containing such a denial is by the very hypothesis merely a part of a general denial. If, on the other hand, the defense be intended to proceed by way of confession and avoidance the denial of any material allegation as part of such defense automatically destroys the cause of action and renders impossible the simultaneous confession and avoidance thereof as part of that defense.
Two recent illustrations cited arguendo in favor of the opposite principle seem to me to .demonstrate the correctness of the rule for which I am contending. Thus, it was said that where a plaintiff pleads an' agreement in writing defendant cannot properly plead the Statute of Frauds without denying the writing, and similarly, that where a plaintiff declares upon a specialty the defendant cannot successfully interpose *160 the short Statute of Limitations as a defense without denying that the agreement sued upon was under seal. But in Brauer v. Oceanic Steam Nav. Co., 178 N.Y. 339, 345, and Brightston v. Claflin Co., 180 id. 76, 80, it is pointed out that plaintiff having pleaded a written contract was bound to prove it, and that proof of an oral contract entitled the defendant either to a dismissal of the complaint or such other relief within the discretion of the court (for example, leave to plead the Statute of Frauds) as the occasion might require.
In the Brauer case it is said significantly: “It is difficult to see how the defendant could plead that the written contract was not reduced to writing or any note or memorandum thereof made in writing.” As to the Statute of Limitations, it is plain, as noted in Sands v. St. John, supra, that the allegation of the complaint that the agreement sued upon was under seal was unnecessary and immaterial, for the plaintiff need not ‘ ‘ head off or avoid the defense of the Statute of Limitations. ’ ’
Although I think that there will be common agreement in the statement in the opinion in the Brightston case “ that pleadings and a distinct issue are essential in every system of jurisprudence and there can be no orderly administration of justice without them,” I am not so much insisting, for the present purpose, upon the need for determining what issues are and what are not material,— without which, it is true, I am at a loss to understand how a litigation can be intelligently conducted, as for example, how a motion to dismiss at the close of plaintiff’s case can be properly decided. It suffices to stress the consideration that if an allegation be material the plaintiff cannot recover unless he prove it, and a denial successfully sustained must, therefore, necessarily destroy the cause of action. Per contra, the cause of action having been destroyed by *161 the denial, it is inconceivable how the only other form of defense, namely, confession and avoidance, can be formulated to incorporate a denial of the very cause of action which confession and avoidance concedes to exist, but seeks to avoid by new facts. If defendant be permitted first to deny plaintiff’s essential version of the facts, set up a different state of facts (which plaintiff does not claim occurred) and then “ avoid ” this different version, there is no limit to the extent to. which such hypothesis can be multiplied, thus developing an endless series of futile sparring bouts without the determination of any relevant issue raised by the pleadings.
This reasoning, of course, is not applicable to the case of what is commonly called a “ partial defense ” (Code Civ. Pro. §§ 507, 508) which is aimed at mitigating or reducing the damages. § 536. Of such a defense, Finch, J., in Thompson v. Halbert, 109 N. Y. 329, has aptly said: “ It confesses but does not avoid.” It may be new matter indicating that some elements of the whole damage claimed are not recoverable. Straus v. American Pub. Assn., 103 App. Div. 277. If in addition to this ' ‘ avoidance ’ ’ of part of the damage the defendant can disprove the facts which entitle the plaintiff to recover the balance of the damage claimed, the net result would be to prevent the entire recovery. It seems to me, however, that a partial defense does not thereby become a complete defense and that a denial should not be added to the matter in avoidance in an endeavor to create a hybrid in our practice. Whether, however, such form of pleading be ultimately sanctioned or not, it suffices for the present purpose to point out that it does not affect the case of a defense put forward to defeat the entire cause of action.
Some confusion has undoubtedly been introduced into the discussion by a misunderstanding of the decision *162 in Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473. That case did not undertake to overrule the reasoning of Judge Gaynor in 34 Miscellaneous Reports, 49, that a denial should be stricken out of an affirmative defense which proceeds by way of confession and avoidance. Indeed, referring to such a denial, the Court of Appeals, at page 481, says: “It is probably a defense that could be proved under the general denial, but this does not render the specific allegations demurrable. There are defenses which may be stricken out on motion but cannot be reached by demurrer.” The court then proceeded to reverse Judge Gaynor’s decision reported under the same title in 34 Misc. Rep. 624 (affd., 66 App. Div. 614), sustaining a demurrer to a separate defense containing a denial (by way of an allegation of a contrary state of facts), he having held that it did not constitute a “ defense ” as defined in the Code of Civil Procedure. The Court of Appeals said: “ It may be conceded that this defense is not new matter as it is not in avoidance or confession of the matters set forth in the complaint. But it is none the less a defense, because it is what is termed in pleading a’ denial.” In other words, what the Court of Appeals decided was that defenses under the Code might be divided into two classes, denials and affirmative defenses, the latter proceeding by way of confession and avoidance. The court did not hold, nor did it intimate, that a denial had a necessary or appropriate place in an affirmative defense proceeding by way of confession and avoidance. It is true the court might have said that after the pleader had interposed a general denial, it should be inferred that all “ further defenses ” were intended to proceed by way of confession and avoidance. On the other hand, strictly speaking, a demurrer could not be sustained to a separate defense containing a *163 denial of a material allegation of the complaint. However inartificial and absurd the repetition of denials in various parts or subdivisions of an answer may be, they are prima facie nevertheless denials, and by that token a complete ‘ ‘ defense ” to the cause of action. They remain, however, subject to a motion to strike them out as irrelevant and redundant provided it be determined that the defense is intended to be one proceeding by way of confession and avoidance. On such motion the purpose of the pleader may be determined as distinguished from a demurrer on which the pleading must be taken at its face value.
It will be observed that although in Smith v. Coe, supra, the court held that a material fact alleged in the complaint is not controverted by a statement in the answer inconsistent therewith, it treated such inconsistent statement in the Staten Island case as a good defense, and indeed, denominated it a denial; to the same effect, Morgan Munitions S. Co. v. Studebaker Corp., 100 Misc. Rep. 408. Such statement, it is suggested in both cases, is provable under the general denial. Milbank v. Jones, 141 N. Y. 340. Consequently, it is palpably unnecessary and redundant as a defense if there be already a general denial; and it is, by its very nature, inappropriate to, and indeed unavailable in, an affirmative defense which proceeds by way of confession and avoidance.
It remains to consider the passage hereinabove quoted from the opinion of Andrews, Ch. J., in Douglass v. Phenix Ins. Co., 138 N. Y. 209. That action was brought against a domestic insurance company to recover for a loss under a policy of fire insurance issued upon property in this state. The answer interposed a separate defense in substance to the effect that plaintiff’s claim against defendant had been attacked by some of plaintiff’s creditors in *164 Massachusetts by ‘ ‘ trustee process ’ ’ served in that state upon the defendant’s statutory agent there. To this defense a demurrer was interposed. The court held that the situs of defendant’s debt to plaintiff was in this state by reason of the residence therein of both the plaintiff and defendant; that the Massachusetts court acquired no jurisdiction over the debt by service merely upon the statutory agent of the debtor defendant in the state of Massachusetts; and that the defense did not even suggest that jurisdiction had been acquired over the plaintiff by personal service upon him in the state of Massachusetts. It was in connection with the interpretation of the meaning of the defense and the intent of the pleader in respect of possible service upon the plaintiff in Massachusetts that reference was made to the absence of any allegation in the defense to that effect, and it was in that connection that the court said: ‘ ‘ The allegations of the complaint not denied in the affirmative defense are for the purposes of the question noio presented to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense.”
I confess that the precise significance of these two sentences is not clear to me. Even if they refer to the allegation in the complaint that the plaintiff was a resident of this state, it still would leave open the question, not covered either by the complaint or the defense, whether the plaintiff was actually personally served in the state of Massachusetts. Moreover, the allegation in the complaint that the plaintiff was a resident of this state was totally immaterial to the cause of action and therefore was not admitted by failure to deny it (as previously held by the same
*165 court in Linton v. Unexcelled Fire Works Co., 124 N. Y. 533, and as expressly provided in section 522 of the Code of Civil Procedure). Beading the opinion as a whole, I quite agree with Judge Gaynor (in his first decision of the Staten Island Case, supra), that the remark was undoubtedly inadvertent and was intended to say no more than that from the pleadings and the attitude of the parties it was quite fair to assume that the separate defense did not allege, and that the defendant did not as matter of fact contend that the plaintiff either resided in Massachusetts or had been served there. In the opinion of the General Term (63 Hun, 393), whose decision was affirmed in the Court of Appeals, it is said at page 396: “ The answer does not allege that the attachment was served on the plaintiff, and it, in effect, admits that the plaintiff is a non-resident of the State of Massachusetts. ’ ’ In neither court was the question of strict pleading considered, nor was the propriety or necessity of a denial in a separate affirmative defense in the minds of the judges. In this case, and many others, as frequently pointed out, notably by Marshall, Ch. J., in Cohens v. Virginia, 6 Wheat. 264, 399, and by our Court of Appeals in Colonial City Traction Co. v. Kingston City R. Co., 154 N. Y. 493, 495, general language in an opinion must always be read in the light of, and in connection with, the particular facts and issues presented.
At this point, and as a result of all the cases reviewed, I think that we may safely formulate the following rules:
1. An immaterial allegation in a complaint may be disregarded. The denial thereof raises no judicially cognizable issue, and failure to deny it does not import an admission of its truth.
2. A material allegation of the complaint may be met by two forms of “ defense;” (a) a denial in the *166 form of a negation (or possibly of an affirmative allegation of the contrary); (b) new matter proceeding by way of confession and avoidance — commonly denominated an “ affirmative ” defense.
3. A ' ‘ defense ’ ’ consisting either in form or substance of a denial is not open to demurrer, but
4. If the answer contain a general denial, subsequent denials in the form of “defenses” may be stricken out upon appropriate motion as unnecessary and therefore “ irrelevant and redundant.”
5. Denials in an affirmative defense should always be stricken out upon appropriate motion. A defense proceeding by way of confession and avoidance, namely, an “ affirmative ” defense, is in its very nature inconsistent with a denial of any material allegation of the complaint, and immaterial allegations of the complaint are not admitted by failure to deny them.
6. If in the course of an affirmative defense it becomes necessary to assert a fact which happens to be contrary to an immaterial allegation of the complaint, such assertion may properly be made. Whether it be equivalent to a denial or not is indifferent because an immaterial allegation of the complaint need not be denied, and failure to deny it does not admit it for any purpose.
It may not be inept to remark that in the application of these, as of all similar rules appertaining to pleadings, the substance and not the mere form is the determining factor. While an affirmative defense must be complete in itself, matter may be incorporated into it by reference to other parts of the pleading. Cragin v. Lovell, 88 N. Y. 258. The attempt, however, to effect such incorporation by the denial of immaterial allegations of the complaint should, I think, be condemned: first, because it is a practice which has led *167 and threatens again to lead to confusion and misunderstanding; and second, because the mere denial of an affirmative is rarely if ever equivalent to the assertion of the contrary.
Returning now to the instant case, the allegation in the 4th paragraph of the complaint that the assignment of the claim to plaintiff was for a valuable consideration is totally unnecessary, and therefore immaterial. If the claim was assigned to plaintiff, he acquired the legal title by such assignment, and regardless of the consideration which passed between him and his assignor, he is entitled to bring this action. Sheridan v. City of New York, 68 N. Y. 30, 32; Hays v. Hathorn, 74 id. 486; Iselin v. Rowlands, 30 Hun, 488.
The allegation in the 5th paragraph that plaintiff notified the defendant of the assignment to him of the claim against defendant is equally immaterial. It is elementary that the assignment of a claim passes to the transferee the right to enforce the same. See Pers. Prop. Law, § 41, subd. 3. Failure to notify the defendant of such transfer permits only the interposition of any defense or counterclaim existing in favor of the debtor against the transferor before notice of transfer; the absence of such notice, however, affects in no degree the validity of the transfer itself.
The allegation in the 5th paragraph of the complaint that plaintiff duly notified the defendant of the assignment “ on or about August 31st, 1918, and subsequent to the aforementioned assignment,” is in substance an allegation that the assignment itself was made before August 31, 1918, an allegation which the defendant controverts in the allegations of its first and second defenses that the settlement and payment respectively set forth in those defenses as having *168 been made on or about October 3, 1918, were made prior to notice to the defendant of the assignment.
These respective allegations of the complaint and answer present an almost perfect illustration of the confusion into which the pleaders have fallen in respect of the matters hereinabove discussed. The allegation in the complaint of a precise date on which the assignment took place is immaterial to sustain plaintiff’s cause of action. Such assignment need have been made only before suit brought (a date not disclosed in the present record, but manifestly one long subsequent to October 3, 1918). Therefore, defendant’s denial that the assignment took place on August 31, 1918, would not defeat plaintiff’s claim. Proof by plaintiff that an assignment took place at a date other than August thirty-first, might, indeed, cause surprise to the defendant on the trial and warrant an adjournment or similar relief, but the precise date, so long as the assignment took place before suit brought, need not even have appeared in the complaint and is proper subject matter only of a bill of particulars. Since, therefore, the precise date of the assignment is immaterial to plaintiff’s cause of action, defendant cannot be held to have admitted it by failure to deny. Moreover, defendant has followed the proper practice of alleging in his affirmative defense of payment the facts as he claims that they occurred quite regardless of whether his version thereof be inconsistent with plaintiff’s statement or not. But defendant also has gone beyond the requirements of good pleading; not content with unnecessarily denying that the assignment to plaintiff occurred on August thirty-first, it has alleged affirmatively that it paid plaintiff’s assignor the full amount of the claim on October third prior to notice of the assignment. and prior to the assignment itself. It should be superfluous to point *169 out here, as in the case of the date pleaded by plaintiff, that the precise date is wholly immaterial to the validity of plaintiff’s defense of payment, it being necessary for defendant to establish only that the payment took place before it received notice of the assignment.
The facts which plaintiff must prove and therefore plead in order to establish his prima facie case are that he is the assignee of a claim against defendant and that the assignment was made prior to the date of suit. The defendant manifestly desires to set up as a separate affirmative defense by way of confession and avoidance that it concedes the fact of the assignment and that it took place before suit brought, but asserts that it paid the claim to plaintiff’s assignor prior to notice to it of the assignment.
The allegations of the parties in the instant case surely comprehend these necessary averments, and to that extent they are good. But there is no room in the separate affirmative defenses for denials by the defendant of any of the allegations of the complaint, and such denials should, therefore, be stricken out.
The learned judge below properly refused to strike out as irrelevant paragraph 16 of the fifth defense which pleads insolvency of the corporation at the time of the assignment to plaintiff and the consequent invalidity of such assignment. The sufficiency of a defense must be tested by demurrer. Cardeza v. Osborn, 32 Misc. Rep. 46; Church Co. v. Parkinson, 86 App. Div. 163; Welcke v. Trageser, 131 id. 731, 733. I think also, as did he, that there was no necessity to make more definite and certain the allegations of the 5th paragraph of the first defense and the 7th paragraph of the second defense.
The fourth defense undertakes to allege that the assignment from plaintiff’s assignor to plaintiff was *170 without consideration, which in itself, as hereinabove pointed out, is without legal significance. Coupled with this defense, however, are allegations of a personal nature in regard to some of plaintiff’s relatives which are wholly irrelevant and scandalous. They should be stricken out.
Order modified so as to strike out all the denials in the separate defenses and also the allegations in the 11th, 12th and 13th paragraphs of the fourth defense except the allegation that the assignment to plaintiff was without consideration, and as so modified affirmed, without costs to either party as against the other, with leave to respondent to appeal to Appellate Division.
Guy and Wagner, JJ., concur.
Order modified and as so modified affirmed, without costs to either party.