CHRISTOPHER E. BALESTRERO, Appellant, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents.— In an action for false arrest and malicious prosecution, defendants moved under rule 103 of the Rules of Civil Practice to strike certain allegations from the complaint as irrelevant and prejudicial. The motion was granted and plaintiff appeals. Order affirmed, with $10 costs and disbursements. By the allegations of paragraphs " Twelfth ", " Thirteenth ", " Twenty-Seventh " and " Twenty-Eighth ", which were struck out at Special Term, plaintiff sought to recover damages for loss of consortium and medical expenses incurred in attempting to cure his wife of her mental illness, allegedly resulting from defendants' willful acts, which were directed against plaintiff alone. Such damages may not be recovered in an action such as this. The right of a husband to recover must be tested by the right of the wife to recover the damages accruing to her personally for the injuries which caused the loss of consortium and the consequent expenses to the husband. No facts are pleaded which would justify a recovery by plaintiff's wife for the injuries alleged. (*Garrison* v. *Sun Print. & Pub. Assn.*, 207 N. Y. 1, 10; *Wilson* v. *Goit*, 17 N. Y. 442; *Hutchinson* v. *Stern*, 115 App. Div. 791, appeal dismissed 189 N. Y. 577; *Roher* v. *State of New York*, 279 App. Div. 1116.) The allegations of paragraph " Twentieth " of the complaint to the effect that plaintiff had no knowledge

of the proceedings before the Grand Jury at the time same were had and did not have an opportunity to present his testimony before the Grand Jury are neither material nor relevant to plaintiff's cause of action for malicious prosecution. Nolan, P. J., Adel, Beldock and Murphy, JJ., concur; Wenzel, J., concurs in affirmance of the order insofar as paragraph twentieth is concerned, but dissents and votes to reverse as to the balance of the order, with the following memorandum: The plaintiff alleges the commission of a willful tort against him which, if established, certainly entitles him to reimbursement for any provable monetary loss which is directly attributable thereto. The plaintiff does not, by these allegations, seek to recover for mental anguish, but for actual substantial and measurable damage to himself. Whether he will, upon the trial, be able to sustain the allegations is not for our present consideration, since this is a motion on the pleadings.