Plaintiffs are husband and wife; each asserts a cause of action. The husband alleges that he was an active volunteer fireman of the Port Washington Fire Department; that on December 23, 1958 he was at the Piándome Country Club in the defendant Village of Piándome when a fire broke out, to which the Plan-dome Fire Department responded; that plaintiff offered his services as a fireman to the Piándome Fire Chief and was accepted; and thereafter, while fighting the fire, he was injured because of the collapse of a ladder negligently maintained by the defendant village and its Fire Department.
*794 Plaintiff’s wife alleges that on the date of the fire she was pregnant; that when she heard of the fire she went to the scene; and when she heard of her husband’s injury, she suffered a severe emotional shock which resulted in a miscarriage.
Defendants urge that neither plaintiff has a cause of action. As to the wife’s cause of action, defendants’ contention is manifestly correct, and plaintiffs have made no effort to sustain their position (Mitchell v. Rochester Ry. Co., 151 N. Y. 107 ; Balestrero v. Prudential Ins. Co. of America, 283 App. Div. 794, affd. 307 N. Y. 709).
The husband’s cause of action requires more extensive examination. The rights of volunteer firemen injured in line of duty are now defined by the Volunteer Firemen’s Benefit Law, being chapter 696 of the Laws of 1956, as amended; it became effective March 1, 1957 and was in effect when plaintiff was injured. Defendants’ position is that the rights of the injured plaintiff under that law are all he has, and that they do not include any right of action against the defendants village or Fire Department. With this, the court is constrained to agree.
Section 209-i of the General Municipal Law provides as follows:
“ Emergency service by volunteer firemen
‘1 Whenever a volunteer fireman is outside the territory pro.tected by the company or department of which he is a member and has knowledge of a fire or other occasion requiring the services of the fire department of the place where he is for the time being, such volunteer fireman may report to the chief engineer or other executive officer in charge of such fire department and offer his services to assist such fire department, and if his services are accepted he shall be entitled to all rights, privileges and immunities granted by law to volunteer firemen during the time such services are rendered, in the same manner and to the same extent as if he were a member of the fire department which he is assisting, including benefits under the volunteer firemen’s benefit law. The municipal corporation or fire district which, pursuant to the provisions of section two hundred five-b of this chapter, is liable for the negligence of volunteer firemen members of the -fire department which accepts the services of a volunteer fireman pursuant to this section shall be liable for the negligence of such volunteer fireman while acting in the discharge of his duties as a volunteer fireman in the same manner and to the same extent as if he were a member of the fire department which he is assisting.”
*795 That section manifests a legislative intention to place the injured plaintiff in the same legal position a Piándome fireman would have occupied with respect to rights and liabilities.
The same intention is found in various provisions of the Volunteer Firemen’s Benefit Law:
§ 5. 1. b.— “While, within the state, personally assisting another fire department, fire company, or any unit thereof pursuant to the provisions of section two hundred nine-i of the general municipal law, including, after his services have been duly accepted, necessary travel to and returning from such work and necessary travel during such work or incidental thereto.”
“ § 19. Exclusiveness of remedy The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman, or his spouse, parents, dependents, next of kin, executor or administrator, or anyone otherwise entitled to recover damages, at common law or otherwise, for or on account of an injury to a volunteer fireman in line of duty or death resulting from an injury to a volunteer fireman in line of duty, as against (1) the political subdivision liable for the payment of such benefits, (2) the political subdivision regularly served by the fire company of which the volunteer fireman is a member, whether or not pursuant to a contract for fire protection, even though any such political subdivision is not liable for the payment of such benefits in the circumstances, and (3) any- person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted; provided, however, that the benefits provided by this chapter shall not be the exclusive remedy as against persons who, in the furtherance of the same duties or activities, are not similarly barred from recourse against the volunteer fireman, or his executor or administrator.”
There seems to be no doubt that the injured plaintiff is entitled to such benefits as are provided by the Volunteer Firemen’s Benefit Law, payable as provided by section 30, and that pursuant to section 19 of that law, previously quoted, these benefits are, in this instance, his exclusive remedy. Where there is an inconsistency between the Workmen’s Compensation Law and the Volunteer Firemen’s Benefit Law, the latter controls (Volunteer Firemen’s Benefit Law, § 20).
Accordingly, .the defendants’ motion is, in all respects, granted; nor does it appear that there is any occasion to permit repleader.